SO ORDERED.

Dated: September 16, 2015

*Daniel P. Collins*

**Daniel P. Collins, Chief Bankruptcy Judge**
_____

Richard M. Lorenzen (Bar No. 006787)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Email:  RLorenzen@perkinscoie.com
Telephone:   602-351-8000
Facsimile:    602-648-7000

John S. Kaplan, Esq.
(Admitted *Pro Hac Vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Email:  JKaplan@perkinscoie.com
Telephone:   206-359-8000
Facsimile:    206-359-9408

*Attorneys for Amazon Services LLC*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>POTENTIAL DYNAMIX LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 2:11-bk-28944-DPC |
| TIMOTHY H. SHAFFER, Chapter 11 Trustee,<br><br>            Plaintiff,<br><br>vs.<br><br>AMAZON SERVICES LLC,<br><br>            Defendant. | Adv. No. 2-13-ap-00799<br><br>**ORDER GRANTING AMAZON SERVICES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter comes before the Court on Amazon Services LLC's *Motion for Partial Summary Judgment* (the "Motion for Summary Judgment") (Dkt. No. 52). Having thoroughly considered the parties' briefing, the relevant record, and the arguments and other statements of counsel at the hearing held on July 8, 2015 (the "Hearing"), the Court having made certain findings and conclusions on the record at the

Hearing, all of which are hereby incorporated as though set forth herein, and good cause appearing therefore, the Court hereby GRANTS the Motion for Summary Judgment. Without limiting the generality of the foregoing, the Court further specifically finds and concludes as follows:

Amazon Services LLC ("Amazon") moved for partial summary judgment on the following Counts of the Trustee's adversary complaint in this action: Two (as to punitive damages), Three (as to breach of contract for wrongful termination and lack of prior notice of default), Four, Six, Seven, Eight, and Nine.

As to Count Two, "Violation of the Automatic Stay," controlling authority holds that a bankruptcy court is prohibited from entering an award of punitive damages based on a violation of the automatic stay. *See, e.g.*, *Dyer v. Lindblade*, 322 F.3d 1178 (9th Cir. 2003), and counsel for the Trustee so conceded at the hearing. Accordingly, the Court GRANTS summary judgment in favor of Amazon under Count Two, to the extent it seeks punitive damages.

As to Count Three, "Breach of Contract," the Court's findings under its Order Denying Trustee's Motion for Summary Judgment and Granting Amazon's Cross-Motion for Summary Judgment (Case No. 2:11-bk-28944-DPC, Dkt. No. 398, ) (the "Prior Order") at 1 n.1 precludes this claim under principles of res judicata, collateral estoppel and/or law of the case. The Prior Order, which is a final non-appealed order, necessarily determined, among other things, that the Debtor had repeatedly violated the Amazon contract by listing prohibited products for sale, and that prior notice of default was not required for termination of the contract. These findings preclude the Trustee's breach of contract claim.

As to Count Four, "Breach of the Implied Covenant of Good Faith and Fair Dealing," a party to a contract cannot sustain a claim for breach of an implied covenant of good faith under that contract, where the contract delineates the parties' respective rights and obligations with regard to the issue at hand, as is the case here.

Accordingly, the Court GRANTS summary judgment in favor of Amazon under Count Four.

As to Counts Six, "Injunction against Further Stay Violations," and Seven, "Specific Performance," the Trustee concedes that these Counts have been rendered moot by the Court's the Prior Order. Accordingly, the Court DISMISSES Counts Six and Seven with prejudice.

As to Count Eight, "Negligence," the Trustee requested leave to withdraw this Count in his response to Amazon's Motion for Summary Judgment, and Amazon has stipulated to the dismissal of count Eight. Accordingly, the Court DISMISSES Count Eight with prejudice subject to the Trustee's right to file a motion to amend the complaint to assert other claims.

As to Count Nine, "Intentional Interference with Business Expectancy," the law does not support a claim of interference with a business expectancy arising under a contract against another party to that contract. Accordingly, the Court GRANTS summary judgment in favor of Amazon under Count Nine.

**DATED AND SIGNED ABOVE.**

127866318.1