Dale C. Schian (SBN #010445)
Mark C. Dangerfield (SBN #010832)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
dale.schian@gknet.com
mark.dangerfield@gknet.com
*Special Counsel for Timothy H. Shaffer,*
 *Chapter 11 Trustee*
Email for Electronic Service and
Court documents: bkdocket@gknet.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| POTENTIAL DYNAMIX, LLC, | Case No. 2:11-bk-28944-DPC |
| Debtor. | Adv. No. 2:13-ap-00799 |
| TIMOTHY H. SHAFFER, Chapter 11 Trustee, Plaintiff, v. AMAZON SERVICES LLC, Defendant. | **MEMORANDUM REGARDING DISCOVERY DISPUTE** |

### INTRODUCTION

The issue for decision is the permissible scope of the depositions of two consulting experts, Jeff Cone and Stephen Ashworth, whom the Trustee retained to help prepare for trial, but who were not expected to be trial witnesses. Under Fed. R. Civ. P. 26(b)(4)(D), such witnesses may not be deposed except on a showing of "exceptional circumstances" under which it is "impracticable" for the party to obtain "facts or opinions on the same subject by other means."

As the cases cited by Amazon show, under the Rule courts limit depositions of non-testifying experts to situations where a party's testifying experts "explicitly rely on certain foundational information which has been developed by these non-testifying consultant

experts." *Pakootas v. Teck Cominco Metals, Ltd.,* 2011 WL 13113380, at *1 (E.D. Wash. July 7 2011); *cf. Hahnenkamm, LLC v. United States,* 145 Fed. Cl. 68 (2019) (noting that "the courts that allowed the depositions of a non-testifying expert have focused on substantial collaborative work with a testifying expert."). More often, though, courts decline to allow such depositions at all. *E.g. Doe v. District of Columbia,* 231 F.R.D. 27 (D.D.C. 2005) (declining to allow deposition of nontestifying expert, even though plaintiff's expert relied on interviews conducted by the nontestifying expert). The general rule is that the "party seeking discovery from nontestifying retained experts faces a heavy burden." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2032 (2010).

Nevertheless, after discussions among the parties, the Trustee agreed to allow limited-scope depositions of both Cone and Ashworth regarding those areas in which Serena Morones, the Trustee's testifying expert, had relied on their work in her report. However, the Trustee declined to allow Amazon to ask these witnesses about other matters, including whether they have differing opinions, or additional opinions, to those set forth in the Morones' expert report, or whether they agree or disagree with Morones' opinions or conclusions as expressed in her report. The Trustee took this limiting language from *Interface Group – Nevada, Inc. v. Men's Apparel Gild in Calif., Inc.*, 2006 WL8441913, *4 (D. Nev. January 3, 2006). For its part, Amazon was unwilling to agree to any limitation.

**ANALYSIS**

I. **Background on the Trustee's consulting experts and their relationship to Ms. Morones.**

*Jeff Cone*

In April 2018, the Trustee's counsel retained Morones as a testifying expert to assist in the calculations of damages owed by Amazon. [Admin. DE 548] Morones later directly retained Jeff Cone to help organize and process the complex (and inconsistent) data from Amazon concerning Amazon's management of the debtor's inventory and sales. As Morones noted in her May 20, 2019 expert report, Cone – under her supervision –

2

Case 2:13-ap-00799-DPC    Doc 253    Filed 08/11/20    Entered 08/11/20 16:34:46    Desc
Main Document    Page 2 of 6

performed the work and authored the narrative and schedules in Attachment C to her report.

*Stephen Ashworth*

Ashworth Consulting LLC has been consulting in this matter since June of 2014 and was retained as a consulting expert under Fed. R. Civ. P. 26(b)(4)(D) pursuant to an application and order entered in the administrative case on August 21, 2015 [Admin. DE 490 & 493]. Thus, Ashworth did a great deal of work for the Trustee years before Morones was ever retained as the testifying expert.

Ashworth has never been disclosed as a testifying expert. In 2017, however, as part of his consulting work, Ashworth did prepare some draft expert reports on damages. After Morones was retained, Ashworth sent copies of those to Morones. Ashworth also regularly sent emails to Morones containing various types of information. All of that has been produced to Amazon.

As set forth in Morones' expert report, Ashworth was one of the sources from which she received copies of Amazon's "settlement reports," which served as Amazon's support for payments made by Amazon to the debtor. Morones used those settlement reports in preparing her opinions. In addition, Morones' expert report identifies an interview with Ashworth as one of the things she considered.

**II.    Important policy considerations protect the opinions of nontestifying experts.**

Rule 26(b)(4)(D) treats nontestifying experts differently from testifying experts, and there are sound policy reasons for doing so. "Allowing routine discovery as to nontestifying experts would tend to deter thorough preparation of the case and reward those whose adversaries were most enterprising." 8A Wright & Miller, § 2032. In addition, the rule "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." *Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir. 1984). The rule also allows litigants to consult experts "without fear that every consultation…may yield grist for the adversary's mill." *Moore U.S.A. Inc. v. Standard Register Co.,* 206 F.R.d. 72 (W.D.N. Y. 2001) (citation omitted).

When a consulting expert gives documents to a testifying expert, courts may – as this Court did – order the production of those documents, so that the opposing party can cross-examine the testifying expert as to the role those documents played in her expert opinions. But no case cited by Amazon says that ordering the production of documents provided by a consulting expert to a testifying expert gives the opposing party the right to depose the consulting expert about those documents. To the contrary, the just-discussed policy considerations argue strongly against allowing such.

Such documents are ordered produced to allow exploration of their role in the *testifying expert's* opinions. That doesn't open the door for cross-examining a nontestifying expert about the documents, or turn a consulting expert into a percipient witness who can be queried about every document he authored or reviewed. As Wright & Miller underscore, "[i]t must be recalled that the assumption is that ordinarily each party has a full opportunity to retain its own experts," and those experts can scrutinize Morones' opinions and their bases. But the same should not be allowed as to a nontestifying expert, because given the consultative nature of their retention, he or she "may become a unique repository of insights into counsel's opinion work product…." 8A Wright & Miller, § 2032.

### III. The Court should only allow the consulting experts to be deposed about their involvement in assisting in the preparation of Morones' expert report.

Based on the above, the Court should only allow Cone and Ashworth to be deposed about their involvement in assisting in the preparation of Morones' expert report, and not about other subjects, including their own opinions about matters at issue in the case.

Such a limit is consistent with the case law. In *Hahnenkamm, LLC v. United States*, 145 Fed. Cl. 68, 71 (2019), for example, the court allowed the deposition of a non-testifying expert who provided the "underpinning for the expert's report," but held he "may not be questioned about any opinion that he may have developed in the course of that work."

Similarly, in *Interface Grp. – Nevada, Inc. v. Men's Apparel Guild in California, Inc.,* 2006 WL 8441913, at *4 (D. Nev. Jan. 3, 2006), the court allowed the deposition of a non-testifying expert to explore her role in the drafting of the expert reports. But the court

4

Case 2:13-ap-00799-DPC    Doc 253    Filed 08/11/20    Entered 08/11/20 16:34:46    Desc
Main Document    Page 4 of 6

said the opposing party could not ask the witness "whether she has differing opinions or additional opinions to those set forth in the reports, or whether she agrees or disagrees with the opinions or conclusions expressed by" the testifying expert. For clarity, we discuss how Rule 26(b)(4)(D) and its underlying policy should apply to each consultant here.

### A. **<u>Deposing Jeff Cone</u>**.

Amazon could question Cone about his drafting of part of Morones' expert report, about his conversations with Morones about that part of the report, and about Cone's opinions or viewpoints set forth in the part of the expert report he drafted. But Amazon should not be allowed to question Cone about other matters, including about other opinions he may have or his view of Morones' opinions.

### B. **<u>Deposing Stephen Ashworth</u>**.

Amazon could question Ashworth about the settlement reports he gave Morones, and the interview Morones had with him. But Amazon should not be allowed to question Ashworth about any consulting work he did prior to, or in addition to, his interactions with Morones about her report. Specifically, Amazon should not be permitted to ask Ashworth about the draft expert reports he prepared and gave to Morones. Amazon can question *Morones* about those reports, and Amazon's own experts can examine those reports and make of them what they will. But because Ashworth will not offer testimony about them at trial, the reports themselves – and Ashworth's opinions expressed in them – are not relevant. *See, e.g. Eliasen v. Hamilton,* 111 F.R.D. 396 (N.D. Ill. 1986) (defendants were not entitled to depose plaintiff's nontestifying expert to find out why the plaintiffs' testifying expert did or did not rely on the report of the nontestifying expert).

Similarly, Amazon should not be permitted to question Ashworth about the other emails or documents he sent to Morones, though again Amazon can question *Morones* about such. Unless Amazon establishes that Morones relied on such information as part of the basis for her report, emails and documents that Ashworth sent are simply not relevant.

RESPECTFULLY SUBMITTED this 11th day of August, 2020.

GALLAGHER & KENNEDY, P.A.

By: */s/ Dale C. Schian*
  Dale C. Schian
  Mark C. Dangerfield
  2575 East Camelback Road
  Phoenix, Arizona 85016-9225
  *Special Counsel for Chapter 11 Trustee*

Filed this 11th day of August, 2020
via the Court's CM/ECF filing system
and a copy of the foregoing emailed
this same date to:

James E. Cross
Cross Law Firm, PLC
1850 North Central Avenue, Suite 1150
Phoenix, AZ 85004
jcross@crosslawaz.com
*Attorney for Chapter 11 Trustee*

Jennifer A. Giaimo
Office of the U.S. Trustee
230 North First Ave., #204
Phoenix, AZ 85003
Jennifer.A.Giaimo@usdoj.gov

Richard M. Lorenzen
Perkins Coie LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
rlorenzen@perkinscoie.com

Mallory Gitt Webster
Eric J. Weiss
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
mwebster@perkinscoie.com
eweiss@perkinscoie.com
*Attorneys for Debtor*

    Gloria Kannberg
8168779v3/29611-0001