# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

| | |
|---|---|
| **Debtor:** | POTENTIAL DYNAMIX, LLC |
| **Case Number:** | 2:11-BK-28944-DPC   **Chapter:** 11 |
| **Date / Time / Room:** | MONDAY, APRIL 19, 2021 10:00 AM   6TH FLOOR #603 |
| **Bankruptcy Judge:** | DANIEL P. COLLINS |
| **Courtroom Clerk:** | RENEE BRYANT |
| **Reporter / ECR:** | N/A |

## *Matter:*

**ADV: 2-13-00799**

**TIMOTHY SHAFFER & Amazon Services LLC vs Amazon Services LLC & TIMOTHY SHAFFER**

 POST TRIAL BRIEFING

**R / M #:**   0 / 0

## *Appearances:*

 DALE C. SCHIAN, ATTORNEY FOR TIMOTHY SHAFFER AND POTENTIAL DYNAMIX, LLC
MARK DANGERFIELD, ATTORNEY FOR TIMOTHY SHAFFER AND POTENTIAL DYNAMIX LLC
ERIC WEISS, ATTORNEY FOR AMAZON SERVICES LLC
MALLORY WEBSTER, ATTORNEY FOR AMAZON SERVICES LLC
KEN RALSTON ATTORNEY FOR TIMOTHY SHAFFER AND POTENTIAL DYNAMIX LLC

Case 2:13-ap-00799-DPC   Doc 387   Filed 04/19/21   Entered 04/27/21 10:18:46   Desc
Main Document    Page 1 of 2
04/27/2021 10:18:29AM

# Minute Entry

(continue)...    2:11-BK-28944-DPC                MONDAY, APRIL 19, 2021 10:00 AM

## *Proceedings:*

Mr. Dangerfield begins his closing argument on the burden of proof issue.  He argues the burden of proof is on the Plaintiff to show there was a loss or damage to inventory units while being stored.  Mr. Dangerfield discusses Amazon's reimbursement policy and the exceptions to the policy.  He states Amazon bears the burden to prove if any of the exceptions apply.  He provides a summary of the case they presented at the trial.  The Court asks Mr. Dangerfield its questions.  Mr. Dangerfield responds to the Court.

Ms. Webster provides the closing argument on the burden of proof issue.  She responds to the trustee's position on inventory damages.  Ms. Webster refers to case law in support of her argument.  The Court asks Ms. Webster its questions.  Ms. Webster responds to the Court.

Mr. Dangerfield offers his final comments on the burden of proof issue.

Mr. Weiss provides the closing argument on the prejudgment interest issue.

Mr. Schian provides the closing argument on the prejudgment interest.   He explains why they filed an objection to the supplemental deposition designations, noting evidence not admitted at trial is cited in the post-trial motions.  Ms. Schian asks that the Court strike that information from the record.  He asks that the Court deny Amazon's motion and award the trustee interest.

Mr. Weiss addresses the objection, noting the parties had agreed to revisions.  He argues the evidence is not new.  Mr. Weiss  agrees to withdraw the single designation to Ms. Bachand's 30(b)(6) testimony as the parties agreed they would not use a deposition for the witnesses that testified at trial.  Mr. Weiss states he does not need to file anything additional.

Mr. Schian addresses the video and transcript depositions.  He suggests that everything in the video and transcript depositions constitutes part of the record.

Mr. Weiss responds to Mr. Schian's comments with his position.

COURT: THE COURT WILL TAKE THESE MATTERS UNDER ADVISEMENT.